IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASER DESIGN INTERNATIONAL, LLC; NORWOOD OPERATING COMPANY,<br><br>    Plaintiffs,<br><br>  v.<br><br>BJ CRYSTAL, INC, a California corporation; CASHMAN PHOTO ENTERPRISES OF NEVADA, a Nevada corporation; CRYSTAL MAGIC, INC., a Florida Corporation; U.C. LASER, INC., a New Jersey corporation; VITRO LASER GROUP U.S.A., INC., a Nevada corporation; JIMAC MARKETING INC., a Canadian corporation; CONCORD INDUSTRIES, INC., a Connecticut corporation; C. STIEFELMAYER GMBH & Co. KG, a German limited partnership; CERION GMBH, a German limited liability company; CRYSTAL CAPTURE INC., a Texas corporation; CRYSTAL CAPTURE INTERNATIONAL, LLC, a Nevada limited liability company; G.W. PARTNERS INTERNATIONAL, INC., a California corporation; HIRSCH GIFT INC., a Texas corporation; VISIONS IN CRYSTAL, INC., a California corporation; VITRO LASER GMBH, a German limited liability company,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Lead Case No. C 03-1179 JSW<br>Consolidated with No. C 03-3905 JSW<br><br>**ORDER DIRECTING DEFENDANTS TO MAKE A SHOWING RE: PLAINTIFFS' REQUEST TO FILE DOCUMENTS UNDER SEAL** |

On May 12, 2005, Plaintiffs filed a miscellaneous administrative request to file under seal its motion for leave to file a second amended complaint and exhibits to the declaration of

1  Brian E. Mitchell in support of their motion. Plaintiffs' asserted basis for the request is that
2  Defendants designated the documents in the exhibits and referenced in the motion as
3  confidential. Plaintiffs do not explain why the information is actually confidential.

4      As a public forum, the Court will only entertain requests to seal that establish good cause
5  and are narrowly tailored to seal only the particular information that is genuinely privileged or
6  protectable as a trade secret or otherwise has a compelling need for confidentiality. Documents
7  may not be filed under seal pursuant to blanket protective orders covering multiple documents.
8  In addition, counsel should not attempt to seal entire pleadings or declarations without a
9  particularized showing explaining why the request could not be more narrowly tailored. Any
10 order granting a request to seal shall direct the sealing of only those documents, pages, or if
11 practicable, those portions of documents or pages that contain the information requiring
12 confidentiality. All other portions of such documents shall remain in the public file. Civil L.R.
13 79-5(b) & cmt.

14     Because Plaintiffs are is relying on Defendants' designation of the material as
15 confidential, Defendants are ORDERED to make a showing by no later than July 25, 2005 as to
16 why the motion and exhibits attached to the Mitchell Declaration should be filed under seal in
17 their entirety. If only portions of these documents actually contain confidential information,
18 particularly the motion, Defendants shall identify such portions and make a showing as to why
19 the specific potions of the documents should be filed under seal. The Court shall reserve ruling
20 on Plaintiffs' request to file these documents under seal pending the receipt of Defendants'
21 response to this order.

22     **IT IS SO ORDERED.**

24 Dated: July 14, 2005                                  /s/ Jeffrey S. White
                                                                JEFFREY S. WHITE
25                                                                 UNITED STATES DISTRICT JUDGE

*United States District Court*
*For the Northern District of California*

2