KENNETH B. WILSON, State Bar No. 130009
  kwilson@perkinscoie.com
SCOTT D. EADS, Oregon State Bar No. 91040, admitted *pro hac vice*
  seads@perkinscoie.com
ELIZABETH SCHWARTZ, Oregon State Bar No. 96112, admitted *pro hac vice*
  eschwartz@perkinscoie.com
DIETER H. HELLMOLDT, State Bar No. 221498
  dhellmoldt@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Phone:        (415) 344-7000
Facsimile:    (415) 344-7050

Attorneys for Defendants
CRYSTAL MAGIC, INC., JIMAC MARKETING, INC.,
CERION GMBH,  AND VITRO LASER GMBH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LASER DESIGN INTERNATIONAL, LLC; and NORWOOD OPERATING COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>CRYSTAL MAGIC, INC., a Florida corporation; JIMAC MARKETING, INC., a Canadian corporation, CERION GMBH, a German limited liability company; and VITRO LASER GMBH, a German limited liability company,<br><br>        Defendants<br><br>AND RELATED COUNTERCLAIMS | Case No. C 03-01179 JSW<br>Consolidated with No. C 03-3905 JSW<br><br>**DEFENDANTS' REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**(LETTER ROGATORY)**

**FROM:  THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**TO:  QUÉBEC SUPERIOR COURT**

The United States District Court for the Northern District of California presents its complements to the Québec Superior Court, Québec, Canada and requests International Judicial Assistance to obtain evidence to be used at trial in a civil proceeding pending before this court in the above-captioned matter.

**I.  THE PARTIES AND THE LITIGATION**

1. This action arises out of, *inter alia*, claims by Plaintiffs Laser Design International LLC ("LDI") and Norwood Operating Company ("Norwood") (hereinafter, "Plaintiffs") against Defendants Crystal Magic, Inc., Jimac Marketing, Inc., Cerion GmbH, and Vitro Laser GmbH (hereinafter, "Defendants").  Plaintiffs claim that Defendants have allegedly infringed United States Patent No. 5,206,496-C1 ("'496-C1 Patent") for which Plaintiff LDI is the alleged owner and possessor of all rights, title, and interest and Plaintiff Norwood is the alleged owner of an exclusive license from LDI to make, use, or dispose of articles within the decorative field of use. The claims are more fully set forth in the Plaintiffs' Second Amended Consolidated Complaint, attached hereto as Exhibit A.

2. A complete list of counsel for the parties to this litigation is attached hereto as Exhibit B. In addition, Defendants have appointed Me Stephanie Lapierre of Fasken Martineau DuMoulin LLP, The Stock Exchange Tower, Suite 3400, P.O. Box 242, Victoria Square, Montreal, Québec, H4Z 1E9, Canada as its Canadian counsel to present this Letter of Request to your Honorable court and to make any necessary application on its behalf for the purposes of summoning the witness for a deposition described in this Letter of Request.

3. Plaintiffs allege that Defendants infringe the '496-C1 Patent.  Defendants deny this allegation on the basis of, in part, certain prior art objects which they have recently discovered.

One such prior art object is a laser-inscribed Lucite block hereinafter refered to as "the ABBA block." A photograph of the ABBA block is attached hereto as Exhibit C.

4.  Mr. Bernard Bolduc is the President of BCH Unique, Inc. ("BCH Unique"), a company that produces and distributes, *inter alia*, laser-inscribed products. During the late to mid 1980s, BCH Unique contacted a company called Control Laser Corporation ("CLC") to investigate the possibility of purchasing a laser to produce such products, which were called "Lasergrams." According to the sworn testimony of a former CLC employee, the ABBA block was a sample made by CLC for BCH Unique to prove the capabilities of CLC's laser apparatuses. BCH Unique eventually did purchase from CLC a laser apparatus similar to the apparatus used to produce the ABBA block. This CLC laser apparatus is called the InstaMark Laser Marking/Engraving System ("the InstaMark Laser"). BCH Unique has, for many years, produced its own laser-marked products using this system. It is testimony and documents regarding the ABBA block, other laser-inscribed products produced by BCH Unique during the time period before the August 1991 filing date of the '496-C1 Patent, and the InstaMark Laser used to make them that Defendants seek through this Letter of Request. Defendants believe that this evidence is highly relevant to their defense that the '496-C1 patent is invalid over the prior art.

## II.    THE NEED FOR JUDICIAL ASSISTANCE

5.  This Court has found that justice cannot be completely done between the parties without the testimony of a certain witness residing within your jurisdiction and without certain documents within that witnesses possession.

6.  We understand and appreciate the evidence expected to be obtained, and we have been satisfied that this request is required to produce the necessary evidence at trial. The evidence requested herein is for use at the trial of this action and will, if obtained, be introduced at trial.

## III. PROTECTIVE ORDER

7. A protective order has been entered in this case which guards against the disclosure of sensitive or confidential information except for the purposes of this litigation. A true and correct copy of this order is attached hereto as Exhibit D. All evidence, including the testimony and any documents provided, obtained pursuant to this request shall be subject to the provisions of the above-described order.

## IV. REQUEST FOR JUDICIAL ASSISTANCE

8. We therefore request that in the interest of justice you cause, by your proper and usual process and pursuant to the laws of your jurisdiction, the witness named below to appear before you, for the purpose of giving a deposition upon oral examination, and that the witness bring with them and produce at the examination the documents described below within their custody or control.

    A.    **NAME AND ADDRESS OF WITNESS TO BE SERVED**

Bernard Bolduc
President
BCH Unique, Inc.

**Home**: 11225, 9th Avenue
St-Georges (Québec) Canada G5Y 1J1

**Office**: 38 Avenue du Pont
Saint-Martin de Beauce, Québec, Canada G0M 1B0

    B.    **DESCRIPTION OF TOPICS FOR ORAL EXAMINATION OF THE WITNESS**

Mr. Bolduc is to be examined regarding the topics relating to the time period 1986 through and including 1991 ("Relevant Time Period"):

(1) The Instamark Elite Laser Marking/Engraving System, serial number 8714A74159, purchased in or about 1988 from Control Laser Corporation of Orlando, Florida;

(2) The method(s) used by BCH Unique to manufacture Lasergram products;

(3) The method(s) used by LMC to manufacture Lasergram products;

(4) The design and structure of Lasergram products manufactured or sold by BCH Unique;

  (5) Sales of Lasergram products by BCH Unique in the United States and Canada;

  (6) The ABBA block; and

  (7) All communications with Plaintiffs concerning this lawsuit.

**C. DESCRIPTION OF DOCUMENTS OR OTHER EVIDENCE TO BE PRODUCED**

Mr. Bolduc is requested to produce the following documents generated during the Relevant Time Period:

  (1) A sample of each Lasergram model produced or sold by BCH Unique;

  (2) All documents concerning the operation or performance of the Instamark Elite Laser Marking/Engraving System, serial number 8714A74159, purchased in or about 1988 from Control Laser Corporation of Orlando, Florida, including, but not limited to, operating manuals, instrument specifications, and manufacturing process instructions and/or specifications; and

  (3) Documents sufficient to show the design and structure of Lasergrams produced or sold during the Relevant Time Period, including but not limited to, sales catalogs.

9. We further request that you permit the witness to be sworn under oath or solemn affirmation prior to giving testimony, that the aforementioned counsel of record for the Defendants, with the assistance of Stephanie Lapierre and Fasken Martineau DuMoulin LLP, be permitted to examine the witness; that the counsel of record for Plaintiffs, with the assistance of an attorney permitted to practice in your jurisdiction, be permitted to cross-examine the witness; and that a court reporter be permitted to transcribe the testimony of the witness and prepare a transcript.

10. We further request that when the time and place for Execution of this Request has been designated, that you provide notice to the Clerk of the Court, United States District Court for the Northern District of California, San Francisco Division, Philip E. Burton Courthouse and Federal Bldg., 450 Golden Gate Avenue, San Francisco, CA 94102 USA.  It is further requested that notice be sent to the parties, through their designated representatives, whose addresses are provided in Exhibit B hereto.

11. Defendants will reimburse the judicial authorities of the Québec Superior Court for costs incurred in the execution of the letters rogatory.

## V. STATEMENT OF RECIPROCITY

12. When the request it, this Court stands ready and willing to do the same for you in a similar case.

This Letter of Request is signed and sealed for the United States District Court for the Northern District of California by the Honorable Maria-Elena James, United States Magistrate Judge.

Dated this __31st____ day of __July_____, 2006.



_____
Hon. Maria-Elena James
United States Magistrate Judge
The United States District Court for the Northern District of California, San Francisco Division