[COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LASER DESIGN INTERNATIONAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL MAGIC, INC., et al.,<br><br>Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS. | Case No. C-03-1179 JSW<br>Consolidated w/No. C-03-3905 JSW<br><br>**CONSENT JUDGMENT AGAINST G.W. PARTNERS INTERNATIONAL, INC.** |

James Isbester appearing for Plaintiff and David W. Affeld, appearing for G.W. Partners International, Inc., (hereinafter "G.W. Partners"). The Honorable Jeffrey S. White, U.S. District Court Judge presidng.

# I.
# BACKGROUND

This case involves a dispute over the alleged infringement of U.S. Patent No. 5,206,496 C1 by G.W. Partners and other defendants through their manufacture and sale of "Laser Crystal Products" and/or the devices used to make those products. "Laser Crystal Products" are decorative objects that contain internal images that have been created inside a transparent medium (including without limitation a glass cube) using a laser.

In general terms, Plaintiff Laser Design International, LLC ("LDI") ("Plaintiff") alleges that the Patent-in-Suit discloses and claims an invention entitled "Sub-Surface Marking" which teaches how to make controlled marks within the interior space of transparent materials such as glass without altering any of the surfaces of the material using sub-surface marking technology. The Patent-in-Suit was originally issued as U.S. Patent No. 5,206,496 on April 27, 1993; it was subsequently reexamined and deemed patentable with a reexamination certificate (U.S. Patent No. 5,206,496 C1 or the "'496-C1 patent"), which issued on November 19, 2002.

Plaintiff alleges that it is the owner of the '496 –C1 patent. Plaintiff has filed a consolidated action against G.W. Partners and other defendants, alleging that defendants infringe one or more claims of the '496-C1 patent.

LDI and G.W. Partners ("the Parties") have now agreed to settle the controversy between them based on certain terms and conditions and have agreed to this consent Judgment.

# II.
# CONSENT JUDMENT

Isbester & Associates, LLP

CONSENT JUDGMENT AGAINST  Case No. 03-1179
G.W. PARTNERS INTERNATIONAL, INC.

Page 1

Rather than continuing with the litigation, the parties have agreed to settle the controversy between them and have consented to the entry of the following judgment by this Court.

### A. CONCLUSIONS OF LAW

G.W. PARTNERS ADMITS, AND ON THAT BASIS IT IS FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. This is an action for patent infringement arising under the patent laws of the United States.

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1338.

3. This Court has personal jurisdiction over G.W. Partners, and venue is proper in this district pursuant to 28 U.S.C. §§ 1400 (b) and 1391(c).

4. All claims of the '496-C1 patent are valid and enforceable in this cause of action or any different causes of action with respect to G.W. Partners.

5. Plaintiff has standing to sue G.W. Partners for infringement of the '496-C1 patent.

6. With respect to G.W. Partners, the patent rights of Plaintiff are not barred or limited by laches, waiver, estoppel, inequitable conduct, patent misuse, or fraud.

7. G.W. Partners infringes the '496-C1 patent if it directly or indirectly imports, manufactures, causes to be made, offers for sale, sells, or uses Laser Crystal Products, or the apparatus used to make such products, that are covered by the claims of the '496-C1 patent, or any colorable variation thereof (unless under rights granted by license).

8. G.W. Partners has infringed one or more claims of the '496-C1 patent by making, causing to be made, offering to sell, and selling Laser Crystal Products that are covered by those '496-C1 patent's claims.

9. With respect to G.W. Partners, Plaintiff has no adequate remedy at law and is entitled to an injunction.

10. Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

**B.     PLAINTIFF'S RELIEF**

IT IS FURTHER FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. Unless G.W. Partners has a valid license to practice the '496-C1 patent, G.W. Partners (and its agents, employees, attorneys, and all persons or entities in concert or participation with it who receive actual notice of this Order) are permanently restrained and enjoined during the unexpired term of the '496-C1 patent from directly, contributorily or by inducement, importing or causing to be imported, making or causing to be made, offering for sale, selling or causing to be sold, using or causing to be used in the United States any Laser Crystal Product or any manufacturing apparatus used to make those products that infringes any claim of the '496-C1 patent, literally or under the doctrine of equivalents, including any colorable limitation thereof.

**C.     TERMINATION OF THIS ACTION**

IT IS FURTHER FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is hereby entered for Plaintiff and against G.W. Partners on the terms described above.

2. This judgment shall finally conclude and dispose of this litigation as between Plaintiff and G.W. Partners.  The Parties shall be entitled to issue preclusion, claim preclusion, res judicata, and collateral estoppel effect in future litigation or patent office proceedings related to the '496-C1 patent, whether involving the methods, apparatus, or articles of manufacture covered by this judgment, or materially different methods, processes, or articles of manufacture.  The Parties and this Court explicitly intend such issue preclusion, claim preclusion, res judicata, and collateral estoppel effects to extend to the issues of claim construction, validity, and enforceability regarding any claim of the '496-C1 patent whether raised in a court proceeding, patent office proceeding, reexamination, reissue or other dispute, even with respect to materially different methods, apparatus, or articles of manufacture.

CONSENT JUDGMENT AGAINST                                                                                  Case No. 03-1179
G.W. PARTNERS INTERNATIONAL, INC.

Page 3

Isbester &
Associates, LLP

3. This Court retains exclusive jurisdiction of this action for purposes of ensuring compliance with this judgment and injunction.

4. No appeal shall be taken by any party from this Judgment, the right to appeal being expressly waived by all Parties.

5. This court finds and determines that there is no just reason for delay of entry of this Judgment and injunction and hereby directs that this Judgment and injunction be entered.

**D.     COSTS**

1. All issues pertaining to damages, costs and attorneys' fees have been settled between Plaintiff and G.W. Partners.

2. None of the Parties shall recover any additional damages, costs, or attorneys' fees over or above that which they have agreed, and each side shall bear its own costs and attorneys' fees. All remaining costs shall be assumed by the side incurring them.

Judgment is hereby entered on the terms described above. The Clerk is directed to enter this Consent Judgment forthwith.

IT IS SO ORDERED:

Dated: _____ _____
HONORABLE JEFFREY S. WHITE
United States District Judge

Agreed to by: LASER DESIGN INTERNATIONAL, LLC

*/s/ Brian S. Liddicoat/*

Dated: \_\_\_\_March 9, 2007\_\_\_ _____
By: Brian D. Liddicoat
Its: President


G.W. PARTNERS INTERNATIONAL, INC.


Dated: _____ _____
By: Scott Erikson
Its: President


APPROVED AS TO FORM:

ISBESTER & ASSOCIATES, LLP

Signed/

DATED: _____ _____
James Isbester
Attorneys for Plaintiff
LASER DESIGN INTERNATIONAL, LLC


LAW OFFICES OF DAVID W. AFFELD, A.P.C.


DATED: _____ _____
David W. Affeld
Attorney for Defendant
G.W. PARTNERS INTERNATIONAL, INC.

Judgment is hereby entered on the terms described above. The Clerk is directed to enter this Consent Judgment forthwith.

IT IS SO ORDERED:

Dated: May 9, 2007

*/s/ Jeffrey S. White*
HONORABLE JEFFREY S. WHITE
United States District Judge

Agreed to by:

LASER DESIGN INTERNATIONAL, LLC

Dated: _____

By: Brian D. Liddicoat
Its: President

G.W. PARTNERS INTERNATIONAL, INC.

Dated: March 12, 2007

*/s/ Scott Erikson*
By: Scott Erikson ERICKSON
Its: President

APPROVED AS TO FORM:

ISBESTER & ASSOCIATES, LLP

DATED: _____

James Isbester
Attorneys for Plaintiff
LASER DESIGN INTERNATIONAL, LLC

LAW OFFICES OF DAVID W. AFFELD, A.P.C.

DATED: March 9, 2007

*/s/ David W. Affeld*
David W. Affeld
Attorney for Defendant
G.W. PARTNERS INTERNATIONAL, INC.